The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDER FLOYD,

     Plaintiff,

v.

ASHLEY FURNITURE INDUSTRIES, LLC,
*et al.*,

     Defendants.

NO. 25-cv-1906-BJR

**ORDER GRANTING REMAND**

## I.   INTRODUCTION

This case is the successive removal of an action filed before King County Superior Court. The first removal was in November 2023, and the case was remanded back to King County Superior Court based on Defendants' non-opposition to Plaintiff's motion to remand. *See* ECF No. 17 in 23-cv-1756-BJR (W.D. Wash). Defendants have again removed the case to this Court, citing a change in law following the Washington Supreme Court's opinion in *Branson v. Washington Fine Wine & Spirits*, 5 Wn. 3d 289 (2025) (en banc). Am. Removal, ECF No. 11. Pending before the Court is

ORDER GRANTING REMAND

- 1

Plaintiff's Motion to Remand, ECF No. 16. Having reviewed the materials[1] and the relevant legal authorities, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

On October 11, 2023, Alexander Floyd submitted a job application online for a Senior IT Network Engineer in Spanaway, Washington with Ashley Global Retail, LLC. Compl. ¶¶ 8, 17; Ex. 1, ECF No. 1-2. He alleges that the job posting did not disclose the wage scale or salary range. *Id.* ¶¶ 16-18. Mr. Floyd filed suit against Defendants in the King County Superior Court on October 12, 2023. *Id.* at 9. He claims to represent hundreds of potential class members who also applied for jobs with Defendants for positions that did not disclose the wage scale or salary range. *Id.* ¶ 23. Mr. Floyd asserts three causes of action: (1) Violation of RCW 49.58.110; (2) Injunctive Relief; and (3) Declaratory Relief. Compl. ¶¶ 29-38. He seeks statutory damages, costs, and reasonable attorneys' fees pursuant to RCW 49.58.070(1). *Id.* at 8.

In sum, Mr. Floyd filed this putative class action alleging that Defendants had violated the pay transparency provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. In August 2024, in a similar case, a question was certified to the Washington Supreme Court, asking it to interpret the term "job applicant" as used in the EPOA statute. *Branson v. Washington Fine Wines & Spirits, LLC*, 2:24-CV-00589-JHC, 2024 WL 4510680, at *1 (W.D. Wash. Aug. 20, 2024), *certified question accepted*, 103394-0, 2024 WL 4471756 (Wash. Oct. 11, 2024)). On September 4, 2025, the Washington Supreme Court issued its decision in *Branson* and concluded:

---

[1] Including the motion, ECF No.16; Defendants' response in opposition, ECF No. 17; Plaintiff's reply, ECF No. 19; and Plaintiff's Compl., ECF No. 1-2; together with attached exhibits.

ORDER GRANTING REMAND

- 2

> A job applicant need not prove they are a "bona fide" applicant to be deemed a "job applicant." Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a "job applicant," regardless of the person's subjective intent in applying for the specific position.

5 Wn. 3d at 305.

In the earlier removed case, Defendants recognized that this Court had issued orders remanding similar cases, including similar cases filed by Mr. Floyd, for lack of Article III standing. Am. Removal 3, ECF No. 11. Defendants did not waive their arguments and defenses, and now assert that this Court's standing analysis in its prior orders is materially altered by the *Branson* decision, and they argue that subsequent removal after remand is permitted under these circumstances. *Id.* 3-4. Plaintiff asks this Court to once again remand the action to King County Superior Court and asks this Court to award attorneys' fees, costs, and expenses incurred in opposing the re-removal. Mot. 1-2.

### III.   LEGAL STANDARD

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). "The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (citing *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir.2006)); *see also Love v. Villacana*, 73 F.4th 751, 755 (9th Cir. 2023) ("[A] removing defendant must allege facts in the notice of removal supporting the existence of subject-matter jurisdiction and Article III standing.").

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal

ORDER GRANTING REMAND

- 3

in the first instance." *Id.* at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566); *but see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA."). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

A successive removal petition is permitted only upon a "relevant change of circumstances"—that is, "when subsequent pleadings or events reveal a new and different ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)).

## IV.  DISCUSSION

### A.  Remand

Plaintiff asserts that this matter must be remanded for lack of Article III standing and subject matter jurisdiction. Mot. 1-3 (citing numerous similar cases that have been remanded). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. At issue in this case is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not

ORDER GRANTING REMAND

- 4

conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted).

In prior orders in similar cases, this Court found that the plaintiffs alleged only a technical or procedural violation of a statutory provision that by itself does not manifest concrete injury. *See e.g.*, *Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680-BJR (W.D. Wash. 2024); *Atkinson v. Aaron's LLC*, No. 2:23-cv-01742-BJR (W.D. Wash. 2024). To establish an injury in fact, plaintiffs must show that they suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560 (citations omitted). Injury is particularized if it affects a plaintiff "in a personal and individual way." *Id.* at 560 n.1. And it is concrete if it "actually exist[s]," meaning that it is "real, and not abstract." *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 340 (2016) *as revised* (May 24, 2016) (citations omitted). Importantly, "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Id.* at 341 (emphasis added). A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo I*, 578 U.S. at 341). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340).

Intangible injuries, such as the omission of statutorily required information, "can nevertheless be concrete." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Spokeo I*, 578 U.S. at 340). "[A]n *intangible* injury may be concrete if it presents a material

ORDER GRANTING REMAND

- 5

risk of *tangible* harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo I*, 578 U.S. at 340-41). To determine whether the violation of a statute constitutes a concrete harm, the Ninth Circuit engages in a two-part inquiry. *Magadia*, 999 F.3d at 679. First, a court considers "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)." *Id.* (citation omitted). The court then assesses "whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

In earlier cases like this one, this Court further reviewed various federal cases that analyzed statutory violations in the context of Article III standing and concluded that the statutory violation at issue here is distinctly different from those cases that relate to privacy interests or where misleading information creates a risk of harm. *See* 2:23-cv-01680-BJR; No. 2:23-cv-01742-BJR. The Court found that in cases such as these, there is no obvious analogue in the history of American courts and plaintiffs must allege some personal harm. *Id.* Indeed, in *Magadia*, the Ninth Circuit Court confirmed that the "'procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court.' The plaintiff must further allege 'at least that the information had some relevance to *her*.'" 999 F.3d at 679-80 (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)). This Court concluded that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires plaintiffs to allege, at minimum, that they applied for the job with good-faith intent and became personally exposed to the risk of harm caused by the violation.

ORDER GRANTING REMAND

- 6

The Court finds that Plaintiff's allegations of an informational injury are inadequate and fail to show any actual harm against which the EPOA intends to protect. *See Hill v. ACV Auctions Inc.*, No. C25-616 MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025) (concluding that the EPOA's legislative history "confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate."); *see also Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-CV-05486-DGE, 2024 WL 4164245, at *4 (W.D. Wash. Sept. 12, 2024) (stating that when a plaintiff "does not allege that he was offered employment or an interview," he "does not suggest that the deprivation of information compromised his bargaining power in pay negotiations, placed him at a disadvantage relevant to other applicants, or resulted in him having to exit a lengthy interview process after learning the pay was insufficient for his needs."); *Milito v Expedia Inc., et al.*, No. 2:25-CV-02507-JHC, 2026 WL 915077, at *5 (W.D. Wash. Apr. 3, 2026) ("Plaintiff's conclusory statements alleging lost time and hindered pay negotiations do not suffice to show there was harm or the risk of harm to his concrete interest in ensuring fair and equitable pay negotiations and to avoid wasting time in a long interview process.").

Further, the state Supreme Court's decision in *Branson* does not change this Court's Article III standing analysis. The *Branson* court did not address standing—neither federal nor statutory—but answered the question: "What must a plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)?" 5 Wn. 3d at 291.[2] The *Branson* decision clarifies that a plaintiff does not have to prove they are a "bona fide" or "good faith" applicant to qualify as a "job applicant"

---

[2] *See also Branson*, 5 Wn. 3d at 304 n.7 ("We decline to address the standing argument").

ORDER GRANTING REMAND

- 7

that can sue to obtain remedies under the statute. *Id.* But a plaintiff must still show an injury-in-fact for Article III purposes. *Spokeo II*, 867 F.3d at 1112. Plaintiff has failed to plead such an injury.

Defendants also contend that remand would be futile because the State court's standing jurisprudence is strikingly similar to Article III and contends that the Court has inherent authority to dismiss this case if remand would be futile. Opp'n 11-14. Defendants add that the Ninth Circuit has recently reaffirmed that it "continues to recognize the futility exception." *Id.* (quoting *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1190 (9th Cir. 2022)). The Ninth Circuit has noted that there is a "narrow" exception to the general rule that a case must be remanded to the state court if it lacks subject matter jurisdiction—"if there is 'absolute certainty' that the state court would dismiss the action following remand." *Global Rescue Jets v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022). Acknowledging Defendants' observation that Washington's standing jurisprudence is similar to Article III, Opp'n 13, the Court is not convinced that there is an "absolute certainty" this case would be dismissed by the Washington state court for lack of standing.[3] The State court is a court of general, rather than limited, jurisdiction, and "the Washington Constitution places few constraints on superior court jurisdiction." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 829 (2016). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

Federal Article III standing is a mandatory jurisdictional hurdle that exists independently of the legal theory at issue; a federal court lacks the power to rule if the plaintiff cannot demonstrate

---

[3] The Court agrees with Plaintiff that statutory standing is available in state court. *See* Mot. 9-11, Reply 7-10 (citing four cases in which Washington state courts have denied motions to dismiss virtually identical EPOA claims).

ORDER GRANTING REMAND

- 8

standing. *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional). Federal courts are courts of limited jurisdiction, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be "remanded" to state court. 28 U.S.C. § 1447(c). Accordingly, this case will be remanded to King County Superior Court.

### B.    Attorney fees

Plaintiff argues that the second removal in this case was objectively unreasonable, and a fee award is appropriate to reimburse him for the resources required to respond to the removal. Mot. 11-12. Defendant contends that attorney's fees are only awarded under unusual circumstances, and the removal was not unreasonable "because there is no settled precedent" on the issue of jurisdiction. Opp'n 14-15.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added). The Supreme Court of the United States, in a decision to resolve a conflict among the Circuits concerning when attorney's fees should be awarded under § 1447(c), held "that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005); *accord Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). In *Lussier*, the Ninth Circuit observed that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." 518 F.3d at 1065.

Defendants re-removed this case asserting a change in circumstances because a subsequent relevant decision by the Washington Supreme Court modified the standing analysis that this Court

ORDER GRANTING REMAND

- 9

had used in prior orders in similar cases. Am. Removal 11-14. The Court disagrees with Defendants and had already issued more than one decision post-*Branson* indicating that the standing analysis had not changed. However, the Court does not find that Defendants' argument was objectively unreasonable. Under the circumstances, the Court finds, in its discretion,[4] that attorney's fees and costs are not warranted.

## V.    CONCLUSION

For the foregoing reasons:

1.  Plaintiff's Motion to Remand, ECF No. 16, is GRANTED for lack of Plaintiff's Article III standing;

2.  This case is remanded to King County Superior Court; and

3.  The Court declines to award attorneys' fees requested by Plaintiff.

DATED this 13th day of April 2026.

Barbara Jacobs Rothstein
United States District Judge

---

[4] *See Martin*, 547 U.S. at 136 (explaining that the award of fees is discretionary).

ORDER GRANTING REMAND

- 10